United States District Court
Southern District of Texas
**ENTERED**
July 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE ANGEL FALCON, (SPN #01989920) Petitioner, | § CIVIL ACTION NO. <br> § 4:21-cv-1113 <br> § <br> § <br> § |
| vs. | § JUDGE CHARLES ESKRIDGE <br> § <br> § |
| BOBBY LUMPKIN, Respondent. | § <br> § |

**MEMORANDUM ON DISMISSAL**

The petition by Petitioner Joe Angel Falcon for a writ of *habeas corpus* under 28 USC § 2254 is construed as brought under § 2241. As so construed, it is dismissed because he hasn't exhausted available state court remedies. Dkt 1. His motion to proceed *in forma pauperis* is granted. Dkt 2.

1. Background

The Court received the current petition in April 2021. Falcon has previously brought other related civil actions against law enforcement officers pursuant to 42 USC § 1983. See Civil Action Nos 4:21-0259 & 4:21-0479.

Falcon states that he's currently confined at the Rusk State Hospital as a pretrial detainee. He makes a number of related, but somewhat cryptic, arguments that his current confinement is void. First, he alleges that he's an active law-enforcement officer, and he has a protective order against Robert Hopkin, C. Wade, Michael Corvel, and Sergeant Crawford. Second, his "no holds bond serial number #042656781503" and the "arrive screens on all police squad vehicles what im allowed to do." Third, "safety of the courthouses and court officials. The bailiffs and attorney are stating im incompetent and unco[opera]tive and people holding me hostage in 'tunnels' were part of several bombing in

Houston and other cities such as Miami Police Department." Fourth, he demands that his bond be honored and that an investigation occur of the imposter officers, stating, "Honor what is said about people listed on the no holds bond serial number 042656781503 cause last time this happened a lot of people died." Fifth, he states that he is in pain from being choked, and he needs money to pay for medical bills. Dkt 1 at 6–7.

As noted, Falcon filed a civil-rights complaint in January 2021, a little more than two months prior to the one here. See *Falcon v Hopkin*, Civil Action Number 4:21-0259. Those claims appear to derive from the same set of operative facts. Judge Keith Ellison summarized them as follows:

> Plaintiff Joe Angel Falcon, a Harris County pretrial detainee in custody of the Rusk State Hospital, filed this *pro se* lawsuit under 42 U.S.C. § 1983 against Harris County Precinct 1 Constables Robert Hopkin, C. Wade, "Corvel," "male Crawford and his family," and "Art Acevedo, Chief of Police also known as Alenize." Plaintiff filed an incomplete and unsigned application to proceed *in forma pauperis*. . . .
>
> Plaintiff was arrested in Harris County, Texas, in July 2019 and charged with "unlawfully, intentionally and knowingly harm[ing] and threaten[ing] to harm B[randan] Hopkins by an unlawful act, namely Murder, in retaliation for and on account of the service and status of B[randan] Hopkins as a public servant." *State v. Falcon,* Cause No. 1639098 in the 337th District Court of Harris County, Texas. The charges were enhanced by a prior felony conviction for aggravated robbery with a deadly weapon, and remain pending. Plaintiff exhibited symptoms of mental illness during his probable cause hearing, and the district court subsequently found him incompetent. He was ordered committed to Rusk State Hospital, where he currently remains.
>
> Plaintiff identified himself in his *pro se* criminal pleadings as "Mr. Dr. M.D. Police Officer Agent Joe Angel Falcon Bar Association #2738," and claimed to

hold "Badge #4427" and "F.B.I. badge #4427." He informed the state court that the arresting officers were criminals or fugitives he had arrested, and that he was a "Presidentual *[sic]* Elective" with a "Presidentual *[sic]* Bond" who could not be arrested or detained.

The Court references these allegations from plaintiff's state court pleadings because they help clarify his claims in the instant lawsuit. In setting forth his Statement of Claim in the section 1983 complaint, plaintiff alleges as follows:

> I went to file civil complaint about Sylvester Turner's past convictions of rape. Impersonating officer Robert Hopkin showed up to see what the problem suposedly *[sic]* was. I told Robert Hopkin, someone I arrested for child molestation that he's not a police officer, that said cause he got in my face. I leave outside Robert Hopkin followed with a loaded stun gun. Squad car drove by C. Wade which he is also a fugitive. The arrival screen states I'm the Highest Ranking and Most Respected. I got put in the back of the squad car I told them I'm H.P.D., Harris County Sheriff, U.S. Marshal, & F.B.I. with a Presidentual *[sic]* Bond #042656781503 that's on record[.]

(Docket Entry No. 1, p. 4.)

Plaintiff also alleges that the imposter and/or fugitive police officers held him in a choke hold in the back of the squad car, but he seeks no judicial relief expressly related to such allegations.

In pleading the relief he requests, plaintiff states, "Help!! I'm being held Hostage and Rail Roaded. Honor my No Holds Bond and reinstate my non-lost badge." *Id.*

Judge Ellison determined that Falcon's claims were delusional. He dismissed the complaint as frivolous and for failure to state a claim on February 2, 2021, finding them to be barred by the doctrine in *Heck v Humphrey,* 512 US 477 (1994).

3

As also noted above, Falcon filed another civil-rights complaint on February 11, 2021. *Falcon v Wade*, Civil Action Number 4:21-0479. This Court dismissed that complaint as malicious on July 9, 2021, because it duplicated the allegations already adjudicated and dismissed before Judge Ellison.

In the meantime, Falcon had already filed this action on April 6, 2021, now seeking a writ of *habeas corpus* under 28 USC § 2254. It happened to also be assigned to this Court.

### 2. Legal standard

Falcon complains that he's being illegally detained prior to trial and seeks immediate discharge from custody. But a petitioner may not seek pretrial *habeas corpus* relief under 28 USC § 2254, which "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v Louisiana*, 816 F2d 220, 224 (5th Cir 1987), quoting 28 USC § 2254(a) and (b). Inmates challenging their pretrial confinement must instead proceed under 28 USC § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson*, 816 F2d at 224; see also *Braden v 30th Judicial Circuit Court of Kentucky*, 410 US 484 (1973).

As such, Falcon's petition is construed as a request for relief under § 2241(c). But to be clear, pretrial relief on *habeas corpus* is available only to enforce a state's obligation to bring a defendant promptly to trial—not to adjudicate the merits of a speedy-trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F2d at 221.

Section 2241(c)(3) provides in relevant part that the writ of *habeas corpus* "shall not extend to a prisoner unless . . . He is in custody in violation of the constitution or laws or treaties of the United States." But in addition to being *in custody* as required by statute, the Fifth Circuit requires that a petitioner seeking pretrial release pursuant to § 2241 must also "have exhausted his available state remedies." *Dickerson*, 816 F2d at 224. More precisely, even though the text of § 2241 confers jurisdiction on federal courts to consider pretrial *habeas corpus* petitions, federal courts "should

4

abstain" from exercising such jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F2d at 225 (collecting cases). This judicially-created exhaustion requirement was "crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Ibid (collecting cases); see also *Brown v Estelle*, 530 F2d 1280, 1283–84 (5th Cir 1976).

      3. Analysis

At the time of filing this action, Falcon was confined at the Rusk State Hospital. This satisfies the *in-custody* requirement. But he hasn't exhausted the state remedies available to him on his claim.

Texas has adequate and effective state procedures for obtaining a speedy trial. And that is to seek pretrial relief on speedy-trial grounds by the filing of a petition for writ of *mandamus* in the Texas Court of Criminal Appeals. See *Chapman v Evans*, 744 SW2d 133, 135–138 (Tex Crim App 1988) (conditionally granting *mandamus* petition to compel the setting for trial or dismissal of pending indictment); *Thomas v Stevenson*, 561 SW2d 845, 846–47 (Tex Crim App 1978) (same).

Falcon states in his pleadings only that he exhausted state court remedies by filing a civil-rights complaint under 42 USC § 1983. Dkt 1 at 8. Be that as it may, online research confirms that he hasn't filed a petition for a writ of *mandamus* in the Texas Court of Criminal Appeals. The highest state court with criminal-law jurisdiction in Texas thus hasn't had a fair opportunity to consider Falcon's speedy-trial claim.

The due administration of justice is best served here by requiring exhaustion of the available state-court remedy. See *Brown*, 530 F2d at 1283–84 (requiring exhaustion by way of *mandamus*, as applied under Texas law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution).

5

4. Conclusion

The petition for a writ of *habeas corpus* filed by Petitioner Joe Angel Falcon is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state remedies on his asserted claim. Dkt 1.

His motion for leave to proceed *in forma pauperis* is GRANTED. Dkt 2.

All other pending motions are DENIED AS MOOT.

SO ORDERED.

Signed on ___July 30, 2021___, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

6